# UNITED STATES EX REL. MOSER *v.* MYER.

APPEAL AND ERROR; MANDAMUS; OFFICERS; ARMY AND NAVY.

A, writ of error to the Supreme Court of the United States will not be· allowed to review a judgment of this court, refusing a naval officer a. mandamus to compel the Secretary of the Navy to place relator's name upon the retired list with the rank of rear admiral, when such· officer has been retired by order of the President with the grade of captain. (Following *United States ex rel. Jones* v. *Fisher*, 38 App.. D. C. 53.)

No. 2307.  Submitted December 2, 1912.  Decided December 5, 1912.

Application for a writ of error to remove to the Supreme Court of the United States for review a judgment of this. court refusing a mandamus against the Secretary of the: Navy.                              *Denied.*

The facts are stated in the opinion.

*Mr. George A. King* for the application.

· *Mr. C. R. Wilson,* United States Attorney, and *Mr. R. S.. Huidekoper,* Assistant United States Attorney, opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the· Court:

Relator in the above case applies for a writ of error to remove· to the Supreme Court of the United States for review a judgment in the above cause rendered January 2, 1912.  See 38 App.. D. C. 13.

The action was for a writ of mandamus to compel the Secre-

tary of the Navy to place the petitioner on the retired list of
the United States Navy, with the rank of rear admiral.

The relator contended first, that the matter had been adju-
dicated in his favor by the court of claims; second, that under
the Revised Statutes it was the duty of the Secretary of the Navy
to enter relator upon the retired list with the rank of rear ad-
miral.

The court held that the cause had not been adjudicated by
the court of claims, and that the relator had been retired with
the rank of captain by order of the President of the United
States.  That it was beyond the power of the Secretary of the
Navy to change the terms of said retirement.  As stated in the
opinion of the court, delivered by Mr. Justice Wright: "In
short, the position of the relator comes to no more than this,—
that he has been retired by the President of the United States
with the grade of captain, while he conceives himself to be en-
titled to retirement with the rank of rear admiral; he asks that
the Secretary of the Navy be required, through the writ of man-
damus, to place his name upon the retired list with a rank of rear
admiral, which the President declined to afford him."

The conditions of this case are analogous to those of *United*
*States ex rel. Jones* v. *Fisher,* 38 App. D. C. 53, in which this
court denied, on March 4, 1912, an application for writ of error
under sec. 250 of the Judicial Code.  Said writ of error was
afterwards refused by the Supreme Court of the United States
without a written opinion.  [225 U. S. 708, 56 L. ed. 1267.]
As stated in that case, relator did not challenge the validity of
any authority exercised under the United States; on the con-
trary, he was asked to exercise an authority which he dis-
claimed; nor did the case depend upon the construction of the
statutes relating to the rank and grade of retired officers, but re-
gardless of the statutes it was decided simply that the subject
of retirement was committed to the President of the United
States as Commander in chief of the Army and Navy, whose act.
could not be undone by the Secretary of the Navy.

The writ of error is denied.